UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE HARBOR DREDGING LA, INC., AS OWNER AND OPERATOR OF THE DREDGE GLENN MARKS IN A CAUSE OF ACTION FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 24-00742-BAJ-EWD<br>C/W 24-00840-BAJ-EWD |

### RULING AND ORDER

Before the Court is **Claimants Kedrich Stewart, Lawrence Noel, Sr., and Lawrence Noel, Jr.'s Motion To Bifurcate (Doc. 21, the "Motion")**. Petitioners Tom's Investments, LLC and Tom's Marine & Salvage, LLC ("Petitioner Tom's Marine") oppose the Motion. (Doc. 27). Petitioner Harbor Dredging LA, Inc. ("Petitioner Harbor Dredging") also opposes the Motion. (Doc. 29). Claimants Kedrich Stewart, Lawrence Noel, Sr., and Lawrence Noel, Jr. ("Claimants") filed a Reply (Doc. 32).

For the following reasons, Claimants' Motion will be **DENIED**.

### I. BACKGROUND

This case concerns a collision between a recreational vessel and a section of dredge pipe in Jefferson Parish, Louisiana. (Doc. 27 at 1).

Petitioner Harbor Dredging hired Petitioner Tom's Marine to move Petitioner Harbor Dredging's dredge pipe from Myrtle Grove, Louisiana to Port Fourchon. (*Id.*). While en route, the dredge pipe came loose. (*Id.*). Petitioner Harbor Dredging secured the dredge pipe on the side of the canal, where it remained until a crane barge could transport it to its destination. (*Id.* at 2). Claimants' fishing boat struck the dredge

pipe, and Claimants allegedly sustained serious injuries. (Doc. 21-1 at 1–2).

Claimants filed suit against Petitioner Harbor Dredging, Petitioner Tom's Marine, and another defendant, Beazley Insurance Company, Inc., in the Nineteenth Judicial District Court for the Parish of East Baton Rouge for the personal injuries allegedly sustained during the collision. (Doc. 27 at 2). Petitioner Harbor Dredging subsequently filed this limitation action, (Doc. 1), and Claimants and Petitioner Tom's Marine asserted counterclaims against Petitioner Harbor Dredging. (Doc. 8; Doc. 11).

Petitioner Tom's Marine also filed its own limitation action in this Court, (*See* Docket 24-00840-BAJ-EWD at Doc. 1), and in that case Claimants and Defendant Harbor Dredging filed counterclaims. (*See* Docket 24-00840-BAJ-EWD at Doc. 11; Doc. 15). The Court ultimately consolidated Petitioner Harbor Dredging's limitation action with Petitioner Tom's Marine's action. (*See* Docket 24-00840-BAJ-EWD at Doc. 21).

No allegations have been made that the value of the claims is less than the value of the vessels, nor have the Petitioners entered into any stipulations that they will not seek to enforce a greater award until the limitation has been decided. (Doc. 27 at 7; Doc. 29 at 9).

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 42(b) provides that a court may order separate trials of one or more separate issues or claims for its convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. Pro. 42(b). When ordering a

2

separate trial, however, the court must preserve any federal right to a jury trial. *Id.* Rule 1 states that the Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1.

The decision to bifurcate "is a matter within the sole discretion of the trial court." *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992). "[C]ourts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate." *Archer Daniels Midland Co. v. M/T Am. Liberty*, No. CV 19-10525, 2020 WL 1889123, at *3 (E.D. La. Apr. 16, 2020). Accordingly, "courts must balance the equities in a ruling on a motion to bifurcate." *Laitram Corp. v. Hewlett-Packard Co.* 791 F. Supp. 113, 155 (E.D. La. 1992). "[A]n important limitation on ordering a separate trial of issues … [is that] the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)).

The Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, permits a vessel owner, in the wake of a maritime accident, to file a petition in federal court to limit its liability to "the value of the vessel and pending freight." *See* 46 U.S.C. §§ 30501–30512; 46 U.S.C. § 30523(a). "The limitation proceeding is … comprised of a two-step analysis: the court must first, determine whether the vessel's

acts render it liable to the injured claimant and, second, whether the shipowner had knowledge or privity of these negligent acts." *In re Double C. Marine LLC*, No. 14-2273, 2019 WL 1495754, at *1 (W.D. La. Apr. 3, 2019) (citation omitted). "[I]f liability is limited, [the court] distributes the limited fund among the claimants." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

However, the "savings-to-suitors clause," 28 U.S.C. § 1333(1), furnishes claimants with "the option to request a state jury trial for personal injury claims involving the Jones Act and general maritime law." *Matter of Am. Boat Co. LLC*, No. CV 16-506-SDD-RLB, 2017 WL 2120067, at *2 (M.D. La. May 16, 2017) (citing 28 U.S.C. § 1333(1)). "Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court." *In re Tetra Applied Techs. LP*, 362 F.3d 338, 340 (5th Cir. 2004). However, "[t]he [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

> [F]ederal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Odeco Oil & Gas Co, Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). The lack of such a stipulation does not prevent a state court from determining damages after a limitation claim has been resolved in claimant's favor. *Matter of Jack'd Up Charters*, 681 F. Supp. 3d 560, 566–67 (E.D. La. 2023).

### III. DISCUSSION

Claimants propose trying the case in two phases. (Doc. 21-1 at 1). The first, in this Court, would resolve the pending limitation action by determining "whether Petitioners' were negligent (or whether their vessels were unseaworthy)" and "whether Petitioners' negligence/unseaworthiness occurred within Petitioners' 'privity or knowledge.'" (*Id.*) The second, in state court, would resolve "all remaining issues (i.e., other parties' fault, apportionment of liability, and damages)." (*Id.*). Claimants acknowledge that because their claims allegedly exceed the value of the vessels and their freight, and there is no stipulation regarding exclusive jurisdiction over the limitation action, Claimants will only be able to proceed in state court if this Court denies limitation of liability. (Doc. 32 at 1–3).

Petitioner Tom's Marine argues that the evidence in the limitation action in federal court and the proposed state court liability determination will significantly overlap. (Doc. 27 at 10–11). Petitioner Tom's Marine asserts that because a determination of negligence is required in a limitation action, Claimants will need to present evidence of causation and injury, just as they will when parties' fault, apportionment of liability, and damages are determined in the state court proceedings. (*Id.*). Petitioner Tom's Marine also contends that because Petitioner

5

Harbor Dredging, which itself is a counter claimant against Petitioner Tom's Marine, does not wish to bifurcate its claims, Tom's Marine will receive damages discovery in the federal case as to Petitioner Harbor Dredging but not Claimants. (*Id.* at 14–15). Petitioner Tom's Marine additionally contends that adjudication of the same liability and apportionment of fault issues in a separate court creates the risk of inconsistent verdicts. (*Id.* at 14).

The Court finds that "the balance [of the] equities" does not favor bifurcation. First, bifurcation will not promote convenience, nor will it expedite or economize. Much of the evidence concerning damages and causation will be produced in both federal and state court because the limitation action necessitates a finding of negligence. Further, because Petitioner Harbor Dredging does not wish to proceed in state court with its counter claims against Petitioner Tom's Marine, the federal court and the state court will be forced to consider the same apportionment of fault issues, risking inconsistent judgments.

Second, Claimants have not established that bifurcation will avoid prejudice, which the Fifth Circuit has suggested is subject to heightened weight in a bifurcation analysis. *Sims v. City of Jasper, Tex.*, 117 F.4th 283, 290 (5th Cir. 2024) ("Avoiding prejudice, though, seems to be given heightened weight, at least to the extent it is necessary to reverse an order to bifurcate."). Beyond the prejudice stemming from Petitioners' duplicative efforts in both federal and state court, the litigation of Petitioner Tom's Marine and Petitioner Harbor Dredging's damages claims in one court, and those of Claimants in another impedes the parties' ability to potentially

6

reach comprehensive settlement agreements to resolve the web of claims and counter claims in this action.

Therefore, the Court finds that bifurcation is inappropriate in this case as it will not expedite, economize, or promote convenience pursuant to Federal Rule of Civil Procedure 42(b).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Claimants' **Motion (Doc. 21)** be and is hereby DENIED.

Baton Rouge, Louisiana, this 10th day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**