**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**IN THE MATTER OF THE COMPLAINT OF HARBOR DREDGING LA, INC., AS OWNER AND OPERATOR OF THE DREDGE GLENN MARKS IN A CAUSE OF ACTION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**CIVIL ACTION**

**NO. 24-742-BAJ-EWD**

**ORDER**

Before the Court is the Motion to Compel Deposition of Corporate Representative of Harbor Dredging LA, Inc. ("Motion to Compel"),[1] filed by Kedrich Stewart, Lawrence Noel, Sr., and Lawrence Noel, Jr. (together, "Claimants"). As Claimants now seek an order administratively staying this case until the personal injury litigation Claimants filed in state court is resolved, the Motion to Compel will be terminated without prejudice.

Harbor Dredging LA, Inc. ("Plaintiff") filed this limitation action after it was sued in state court by Claimants for injuries Claimants allegedly sustained in a boating accident. Plaintiff alleges that it hired Tom's Marine & Salvage, LLC ("Tom's Marine") to tow Plaintiff's vessel, the Dredge GLENN MARKS, and dredge pipe.[2] Claimants were allegedly injured when they allided with the dredge pipe while traveling in a fishing boat.[3] Claimants filed suit for injuries in Louisiana state court.[4] Additionally, RLI Insurance Company has sought defense and indemnification from Plaintiff for Claimant's state court claims on behalf of its inured, Tom's Marine.[5] Plaintiff believes Claimants seek to recover an amount that is more than the value of the Dredge GLENN MARKS

---

[1] R. Doc. 46.

[2] R. Doc. 1, ¶ 5

[3] *Id.*, ¶ 6.

[4] *Id.*, ¶7; *see also* R. Doc. 51-1 (Claimants' state court Petition for Damages).

[5] *Id.*, ¶ 9.

and her pending freight.[6] Plaintiff further alleges that it is without fault for Claimants injuries and such damages occurred without Plaintiff's privity or knowledge.[7] Plaintiff claims exoneration from liability for any damages occurring as a result of the incident. Alternatively, Plaintiff seeks to have any liability for the incident limited to the value of the Dredge GLENN MARKS and its pending freight, and has tendered $250,000 into the Court registry, "representing the total value of the Dredge GLENN MARKS, its appurtenances, and pending freight" following the incident.[8] Plaintiff has also filed a motion seeking to have this case transferred to the United States District Court for the Eastern District of Louisiana,[9] which Claimants have opposed.[10]

As noted by this Court, "[t]he Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, permits a vessel owner, in the wake of a maritime accident, to file a petition in federal court to limit its liability to 'the value of the vessel and pending freight.' *See* 46 U.S.C §§ 30501-30512; 46 U.S.C. § 30523(a). 'The limitation proceeding is … comprised of a two-step analysis: the court must first, determine wither the vessel's acts render it liable to the injured claimant and, second, whether the shipowner had knowledge or privity of these negligent acts." *In re Double C. Marine LLC*, No. 14-2273, 2019 WL 1495754, at *1 (W.D. La. Apr. 3, 2019) (citation omitted). '[I]f liability is limited, [the court] distributes the limited fund among the claimants.' *Lewis v Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001)."[11]

Claimants' Motion to Compel seeks an order requiring Plaintiff to produce a corporate representative to testify at a Fed. R. Civ. P. 30(b)(6) deposition, specifically focused on liability

---

[6] *Id.*, ¶ 10.

[7] *Id.*, ¶ 12.

[8] *Id.*, ¶ 17; p. 7 (prayer for relief).

[9] R. Doc. 41.

[10] R. Doc. 42.

[11] R. Doc. 36, pp. 3-4.

and Plaintiff's "privity or knowledge," as Claimants contend that a vessel owner is not entitled to limit its liability when the negligent acts occur within the "privity or knowledge" of the vessel owner.[12] Claimants argue that "privity or knowledge" exists when the vessel owner knew or should have known about the "conditions or actions likely to cause the loss," and the central issue in a "privity or knowledge" determination revolves around what the corporation knew or should have known, which Claimants seek to learn at the deposition.[13] The Motion to Compel was discussed during a telephone conference with the Court and was taken under advisement, as the parties indicated that they were attempting to resolve Claimants' request for the deposition.[14]

More recently, Claimants filed a Motion to Dissolve the Limitation Injunction (the "Motion to Dissolve").[15] If granted, the Motion to Dissolve would lift the limitation of liability injunction and allow Claimants to pursue their previously filed state court case. This limitation action would also be administratively stayed until the Claimants' state court case was concluded.[16]

Claimants have asked this Court for a stay of this case so that they can pursue their personal injury claims in state court. Considering Claimants' request for a stay of this limitation proceeding, which involves the "privity or knowledge" issue that is the basis for Claimant's request for Plaintiff's corporate deposition addressed in the Motion to Compel, it is appropriate to terminate

---

[12] R. Doc. 46-2, p. 1, citing 46 U.S.C. § 30523(b).

[13] *Id.*, citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).

[14] *See* R. Doc. 48. As noted in the minutes of the telephone conference, Plaintiff does not dispute that Claimants are entitled to take a corporate deposition, but Plaintiff's designated corporate representative is now deceased. As Plaintiff is a sole proprietorship, Plaintiff's counsel has had difficulty securing another corporate representative.

[15] R. Doc. 51.

[16] Plaintiff opposes the Motion to Dissolve. R. Doc. 52. Tom's Marine also opposes Claimant's Motion to Dissolve, adopting Plaintiff's arguments, to the extent Tom's Marine has not yet been dismissed from the case and has standing to oppose. R. Doc. 53. Pending before the Court is a Joint Motion to Dismiss, seeking dismissal of all claims against Tom's Marine in this case. R. Doc. 50.

the Motion to Compel at this time, without prejudice to re-urging, if the Motion to Dissolve is not granted, or once the state court litigation is resolved, as appropriate.[17]

Accordingly,

**IT IS ORDERED** that the Motion to Compel Deposition of Corporate Representative of Harbor Dredging LA, Inc.,[18] filed by Kedrich Stewart, Lawrence Noel, Sr., and Lawrence Noel, Jr., is **TERMINATED WITHOUT PREJUDICE** to re-urging, as applicable, after resolution of Claimant's Motion to Dissolve the Limitation Injunction or once the state court litigation is resolved.

Signed in Baton Rouge, Louisiana, on August 27, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[17] Claimants' Motion to Compel expressly references 26 U.S.C. § 30523(b), which states: "Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, *without the privity or knowledge of the owner*." (emphasis added). Claimants' state court Petition does not specifically state what purported acts or omissions Plaintiff is responsible for but refers collectively to "Defendants." To the extent the issues of Plaintiff's privity and/or knowledge are relevant in the state court action, Claimants could also conduct discovery on those issues in that case, if the Motion to Dissolve is granted.

[18] R. Doc. 46.